**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHNNY RAY CHANDLER**, | : | **CIVIL ACTION NO. 1:12-CV-1511** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MR. J.L. NORWOOD**, **MR. B.A. BLEDSOE**, | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 13th day of August, 2012, upon consideration of plaintiff's recently filed Bivens[1] action (Doc. 1), in which he seeks to proceed in forma pauperis (Doc. 1, at 5), and upon consideration of the fact that plaintiff has incurred three strikes under 28 U.S.C. § 1915(g), see Ibrahim v. District of Columbia, 208 F.3d 1032 (D.C.Cir. 2000), *cert. denied*, 121 S.Ct. 2249 (June 11, 2001), and it appearing that he is alleging that defendants conspired to violate his due process rights when they extended his placement in the Special Management Unit at the United States Penitentiary at Lewisburg, and that he is being subjected to cruel an unusual punishment because he has been waiting since May 1, 2012, to have hand surgery, and it further appearing that he does not demonstrate that a threat of danger is real

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

and proximate and, therefore, his claim fails to meet the imminent danger exception, see Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(*en banc*); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (finding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate"), it is hereby ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Doc. 2) is DENIED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge